UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA — PLAINTIFF

vs.          CRIMINAL ACTION NO. 3:16CR-40-DJH

JOHN TREUFELDT — DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, John Treufeldt, and his attorney, J. Clark Baird, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violating 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). The Defendant further understands that the Indictment seeks forfeiture, pursuant to 18 U.S.C. § 2253, of all visual depictions which were produced, transported, mailed, shipped or received in violation of the law and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense.

2. Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the charge in the Indictment. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> Treufeldt, used an Internet account traced to his residence on Bridlevista Road, Louisville, Kentucky 40228. That account was connected to an online community of individuals who regularly sent and received child pornography *via* a website that operated on an anonymous online network, referred to as "Website A."

According to data obtained from logs on "Website A," monitored by law enforcement and other sources, a user with the user name "Elric" registered an account on "Website A" on February 25, 2015. According to the user "Elric's" profile, this user was a Normal Member of "Website A." Further, according to the Statistics section of this user's profile, the user "Elric" had been actively logged into the website for a total of 20 hours, one minute and 10 seconds between the dates of December 4, 2014, and February 28, 2015.

According to data obtained from logs on "Website A," monitoring by law enforcement, and other sources, on February 25, 2015, "Elric" with IP address 74.138.65.210 logged into "Website A" with a username and a password and accessed the post entitled "Latina Anal Part 1& 2". Among other things, this post contained preview images of a video depicting a young female child being orally penetrated by an adult penis. During the following additional sessions, the user "Elric" also browsed "Website A" after logging into "Website A" with a username and password. During these sessions, the user's IP address information was not collected.

On February 25, 2015, the user "Elric" accessed a post that contained a link to an image that depicted a nude pre-pubescent female holding her legs spread apart, exposing her vagina. That same date, "Elric" accessed a post that contained a link to an image that depicted a pre-pubescent female, nude from the waist down and her legs spread apart, exposing her vagina.

On March 15, 2016, law enforcement officials executed a federal Search Warrant on the residence of John Treufeldt in Louisville, Kentucky. During execution of the Search Warrant, Treufeldt agreed to be interviewed by law enforcement officials. During the course of the interview, Treufeldt admitted using the screen name "Elric" for several websites associate with child pornography as well as accessing websites on the Internet for the purpose of viewing and downloading child pornography. He also admitted maintaining a collection of child pornography videos and images on his computer that were secured by encryption. Later forensic examination of Treufeldt's computer revealed the presence of thousands of images (still and video) depicting children engaged in sexually explicit behavior.

4. Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 5 years, a maximum term of imprisonment of 20 years, a maximum fine of $ 250,000.00, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

2

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Indictment counts to which he pleads guilty.

8. Defendant acknowledges that the crime to which he is pleading guilty is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. No claims for restitution

have been received at this point in time. However, should claims for restitution be made, the United States will share the information with defense counsel and the Court. The matter of restitution will be addressed at the time of sentencing.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $ 100.00 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

- recommend a sentence at the lowest end of the applicable Guideline range, but not less than the statutory mandatory minimum required by law;

- agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing, based upon a determination of the defendant's ability to pay; and

- demand forfeiture, pursuant to 18 U.S.C. § 2253, of all visual depictions which were produced, transported, mailed, shipped or received in violation of the law and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| Base offense level: | 22 | 2G2.2(a)(2) |
|---|---|---|
| | - 2 | 2G2.2(b)(1)(receipt only) |
| | + 2 | 2G2.2(b)(2)(prepubescent) |
| | + 4 | 2G2.2(b)4)(sadistic / masochistic) |
| | + 2 | 2G2.2(b)(6)(use of computer) |
| | + 5 | 2G2.2(b)(7)(D)(> 600 images) |
| | - 3 | 3E1.1(a) & (b)(acceptance) |
| | 30 | |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the

4

Criminal History Category pursuant to §4A1.3. The parties anticipate a Criminal History score of I.

  C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

  13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

  14. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 *et.seq*), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

  15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have

the benefit of all relevant information.

16. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

> all visual depictions which were produced, transported, mailed, shipped or received in violation of the law and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense

By this Agreement, defendant agrees to forfeit all interests in the properties listed above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

17. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

23. This document and the supplemental Plea Agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____     3/6/17
Jo E. Lawless                          Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     6 MAR 17
John Treufeldt                         Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     3/6/17
J. Clark Baird                         Date
Counsel for Defendant

JEK:JEL:161230

8