UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:16CR-40-DJH |
| JOHN TREUFELDT | DEFENDANT |

*- Filed Electronically -*

**MOTION FOR ORDER OF RESTITUTION**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and moves the Court for an Order of restitution in the above-referenced case. At the time of sentencing, counsel for the United States advised that requests for restitution had been made by several known victims of child pornography, whose images were recovered in John Treufeldt's collection. Counsel further advised that one victim's request was not complete, but would be forwarded to the Court, through the United States Probation Office, and directly to defense counsel.

The Court acknowledged the defendant's ability to pay a financial sanction in the case and agreed to withhold a decision concerning restitution until all materials had been received. As noted above, all materials were forwarded to the Court and defense counsel. There are a total of five victims seeking restitution – "Chelsea," "Casseaopeia," "Jenny," "Erin," and "Fiona."

Congress mandated that restitution be made to victims of child exploitation offenses, including the offenses of conviction in the instant case. 18 U.S.C. § 2259. The Supreme Court, in *United States v. Paroline*, 134 S. Ct. 1710 (2014), applied a foreseeability-based proximate cause

standard to determine that victims depicted in child pornography images or videos knowingly viewed, possessed, received, distributed or produced by a defendant are entitled to receive restitution from that defendant under 18 U.S.C. § 2259. The Court acknowledged the damage done to children depicted in child pornography, and reiterated that even people who simply possess such images play an "indisputable role" in the harm suffered by the victims. *Paroline*, 134 S. Ct. at 1727. Noting the "somewhat atypical causal process" in this "special context," the Court in *Paroline* focused on the cumulative and ongoing nature of the injury. *Id*. at 1722; 1727. And, despite the fact that there is no clear or easy way to apportion responsibility for the damage inflicted, the Court found:

> [w]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe…given the nature of the causal connection between the conduct of a possessor…and the entirety of the victim's general losses from the trade in her images, which are the product of acts of thousands of offenders. It would not, however, be a token or nominal amount. The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role.

*Id*. at 1727.

It is respectfully submitted that the materials submitted to the Court from counsel representing "Chelsea," "Casseaopeia," "Jenny," "Erin," and "Fiona," clearly demonstrate the ongoing harm to the victims that flows from continued trading of the images. Treufeldt's actions in acquiring and maintaining the collection of child pornography – including images of the victims identified above – contributed to their ongoing harm.

The United States moves the Court to authorize restitution to each victim in the amount of $5,000.00, for a total of $25,000.00.    The amount is small fraction of the total loss submitted by each victim.    However, it takes into account Treufeldt's involvement – without over-penalizing him for his role in the victimization.    The amount also falls in line with the fine range called for under the Sentencing Guidelines, but not imposed by the Court in light of the requests for restitution.

>Respectfully submitted,
>
>RUSSELL M. COLEMAN
>United States Attorney
>
>*/s/ Jo E. Lawless*
>Jo E. Lawless
>Assistant United States Attorney
>717 West Broadway
>Louisville, Kentucky 40202
>(502) 625-7065
>(502) 582-5097 (Fax)

Certificate of Service

I hereby certify that a copy of the foregoing was served on defense counsel through the Court's ECF system on September 24, 2017.

>*/s/ Jo E. Lawless*
>Jo E. Lawless
>Assistant United States Attorney