FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 JAN 19 PM 3:52

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

John Treufeldt Jr.
Defendant,                    )
                              )
                              )
                              )
                              )
                              )
V.                            )          Case No. 3:16-CR-40-1-DJH
                              )
                              )
                              )
UUnited States                )
of                            )
America                       )
Respondant,                   )

## MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE

Before the Court is the Defendant's pro-se motion for Compassionate release/Reduction in sentence under 18 U.S.C.§ 3582 (c)(1)(a) for the extraordinary and compelling reasons that follow. I sent an electronic copout request to the Warden on December 25, 2020, see attached. At that time he normally responded in 2 to 3 days. With no response after 15 days I sent a follow-up request via electronic copout, see attached. As of yet he still has not replied or acknowledged receipt. The compelling logic of the pandemic response has forced institutions at every level society to adapt in extraordinary ways. For prisoners with preexisting conditions, COVID-19 is too often fatal. Many Courts have held that preexisting conditions that put a prisoner at danger from COVID-19 qualify as "extraordinary andccompelling". A serious physical or medical condition from which Iaam, is not expected to recover-in combination with a rapidly transmittable virus that thrives in institutional settings, and the inability to follow recommended social distancing protocols make me fear for my life. E.g. **United States V. Amarrah**, 2020 U.S. Dist Lexis 80396, 2020 WL 2220008 at *6(6th Cir. 2020). **United States V. Moore**, No. 3:16-CR-00171-JO, 2020 WL 257259 (9th Cir. May 21, 2020); **United States V. Campagna**, No. 16-CR-78-01(LGS), 2020 WL 148929, at *1( 2nd Cir. Mar. 27, 2020)

I have severe obstructive sleep apnea (OSA), which requires a Continuous Positive Airway Pressure (CPAP) device. Without the device I stop breathing in my sleep then cough and choke when resuming breathing again. Many times my wife would wake up thinking that I died because I was not breathing. My partial disability claim with the V.A. due to chemical exposures in Iraq and Katrina was interrupted by my incarceration. I intend to continue this claim, that resulted in OSA, upon release. Such respiratory problems predict an adverse reaction to COVID-19, See **Saad V. U.S. Dist. Lexis 74949, 2020 WL 2251808, at *1** (6th Cir. May 2020); **United States V. Hayes 2020 U.S. Dist Lexis 124761 at *5,8** (6th Cir. 2020); **United States V. Camper 2020 U.S. Dist. Lexis 160260, at *10** (2nd Cir. Sept. 2020)—all granted compassionate release that had OSA. "Patients with OSA experienced approximately 8-fold greater risk for COVID-19 infection compared to a similar age population receiving care in a large, racially, and socioeconomically diverse healthcare system. Among patients with COVID-19 infection, OSA was associated with increased risk of hospitalization and approximately double the risk of developing respiratory failure". Concludes http://www. ncbi.nlm.niho.gov/pme/articles/PME7521948/ Maas, Mathew B., Minjee Kim, Roneil Gl Malkani, Sabra M. Abbot and Phyllis C.Zee "Obstructive sleep apnea and risk of COVID-19 infection, hospitalization and respiratory failure." Sleep Apnea and Breathing, 2020. 50% (3/6) of the COVID-19 fatalities at FCI-Ashland had OSA and used a CPAP.

There is overwhelming evidence that the B.O.P. has failed to control the pandemic and the facilities can not support C.D.C. guidelines. "The realities of prison life make it impossible for inmates to follow C.D.C. guidelines to protect themselves in the face of COVID-19" **United States V. Atkinson, 2020 U.S.Dist. Lexis 68240, 2020 WL 1904585, at *2-4** (9th Cir. 2020). "The Courts around the country have recognized that the risk of COVID-19 to people held in jails and prisons is significantly higher than the community, both in terms of risk of transmission, exposure and harm to individuals who become infected." **United States V. Martinez-Brooks, 2020 U.S. Dist. Lexis 83300, 2020 WL 2405350, at *23** (2nd Cir. 2020). Ashland's infection rate is over 46%, this is nine times the infection rate for the Commonwealth of Kentucky,(5%). The fatality

rate at Ashland is 2%, which is fifty times of the Commonwealth's (0.04%): https://www.bop.gov/coronavirus/; https://chfs.ky.gov/agencies/dph/covid19/COVID19DailyReport.pdf; and https://uspopulation2020.com/population-of-kentucky-2020-population-growth-demography-facts.html.

I am housed in an open-bay dorm that holds 96 inmates, (currently 87 in residence) our cubes are 7' x 8' seperated by 4' walls. I am within close proximity of 9 other inmates and within less than three feet of the bathroom and shower-all of this is inside the C.D.C. minimum safe distancing guidelines.

A child pornography charge does not exempt me from getting compassionate release/reduction in sentence under §3582(c)(1)(a), because of the COVID-19 pandemic. Many Sex Offender inmates have received a reduction in sentence: **United States V. Asher, 2020 U.S. Dist Lexis 111205** (11th Cir. June 2020); **United States V. Field, 2020 U.S. Dist Lexis 78112** (2nd Cir. May 2020); **United States V. Feucht, 2020 U.S. Dist. Lexis 95104** (11th Cir. May 2020); **United States V. Sawicz, 2020 U.S. Dist Lexis 64418** (2nd Cir. Apr. 2020); **United States V. Godlewski 2020 U.S. Dist Lexis 187617** (7th Cir. Sept. 2020).

Although Congress provided that rehabilitation alone can not serve as an "extraordinary and compelling reason" (**United States V. Millan, 2020 U.S. Dist Lexis 59955 at *30** (2nd Cir.)), for a sentence reduction, that coupled with OSA, my age of 55, and the sudden outbreak at F.C.I. Ashland can be considered an "extraordinary and compelling reason" to warrant a sentence reduction. **United States V. Soto, 2020 U.S. Dist Lexis 77074, 2020 WL 2104787 at *2** (1st Cir. 2020).

I completed 17 programs at F.C.I. Ashland that are beneficial, expanding and developmental to improve myself. I have worked at UNICOR for the last 25 months; was promoted quickly; and took over as a primary machine operator when I was two grades below the normal operator.

I am actively enrolled in the machinist apprentiship program at UNICORTand completed over 3500 hours to date. Before UNICOR I worked in the kitchen and was promoted twice to positions of greater responsibility.

During the 47 months incarcerated I do not have any disciplinary infractions-this is commendable. The B.O.P. assesses my security classification as extremely low (1 point) and my personal PATTERN risk level is minimal with -11 points. See attached. This is my first time in prison and I am committed to it being my last and only time. I already served over half of my effective sentence accounting for good time credits. This time has already achieved much of the original sentence's purpose.

There is much data demonstrating the extremely low recividsm rate I fall under. I am 55 years old, a first-time, no contact sex offender with a college degree, a permanent residence, and great family support. I retired with an Honorable Discharge from the Army and Kentucky National Guard as a Lieutenant Colonel. I served the nation, state, and community for 33 years with major deployments to Mississippi for hurricane Katrina relief, two tours to Iraq earning the Bronze Star Medal, and played a pivotal leadership role in the 2009 Western Kentucky ice storm recovery.

"Additionally child pornography offenders have low recidivism rates, lower than contact offenders and significantly lower than the average recidivism rate" per https://famm.org/up-content/uploads/FS-Intro-to-Child-Pornography-Sentencing-8.31.16.pdf. From a psychology professional journal: "From a clinical perspective, users of child pornography often respond well to treatment, especially compulsive/addicted and situational users. The vast majority of these offenders show no other evidence of criminal behavior. Typically, they are average, law-abiding citizens. Most have never before been involved in the criminal justice system. In many respects, they have lived productive lives, both personally and professionally.

Such men are solid treatment candidates and unlikely to re-offend". https://www. psychologytoday.com/us/blog/love-and-sex-in-the-digital-age/202011/understanding-users-child-pornography. From a government organization:" An analysis of nine available follow-up studies suggest that internet offenders, as a group, have a relatively low risk of reoffending..." Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking, Chapter 4: Internet-Facilitated Sexual Offending. https://smart.ojp.gov/somapi/chapter-4-internet-facilitated-sexual-offending. I am not a danger to the community or society. After I was arrested and before being incarcerated, I broke the bonds of addiction, sought treatment through a psychologist and a 12-step group (SAA-Sex Addicts Anonymous). Now I fully expect to be a productive law-abiding citizen again. I have great support from my family and the community (S.A.A., AMVETS, SalesForce UserGroup).YYou instituted controls (supervised release terms) that mitigate any possible danger to society. I formed new, productive habits to replace my addictive behaviors and will continue to participate in S.A.A., a peer-support group, along with the mandated group therapy. I was allowed bond during pre-trial under the supervision of the U.S. Parol Office. My residence conforms to state registry requirements. Upon release, my wife or any immediate family in the area can pick me up. During my mandatory quarantine period I will contact the Veterans Administration (V.A.) to resume health coverage and medical treatment, also re-initiate my partial disability claim with the V.A. I have always been employed during my adult life. I have a strong work ethic and diverse work experience and have no doubt in finding employment. My $5,100 in Court fees and fines are paid in full.

In conclusion, I respectfully request an immediate Compassionate Release/Reduction in Sentence, and or home confinement,DDue to my health conditions during the COVID-19 pandemic.I am at greater risk of infection and respiratory failure/death. I was sentenced to 97 months-not a death sentence, which would be justifiably cruel.

I fear for my life, **United States V. Dowe, 2020 U.S. Dist. Lexis 170494 at**
**\*6** (11th Cir. 2020); in here. I hope that you will grant my request.


John Treufeldt Jr.
Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky 41105-6001