UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | 3:16CR-40-DJH |
| JOHN TREUFELDT | DEFENDANT |

*Filed electronically*
**RESPONSE TO MOTION FOR COMPASSIONATE RELEASE (DN 62 & 64)**

John Treufeldt, moves the Court, *pro se*, to release him from his 97-month prison sentence pursuant to 18 U.S.C. § 3582. (DN 62 & 64). He bases his request on risks related to COVID-19 infection. Treufeldt also claims the Bureau of Prisons cannot adequately manage COVID-19. He requests immediate release to home confinement.

A court may only grant compassionate release based on an individual defendant's "extraordinary and compelling reasons," which the defendant has the burden of showing. *See United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). *See also United States v. Elias*, No. 20-3654, 2021 WL 50169, *3 (6th Cir. Jan. 6, 2021) (district court could have denied defendant's motion for failing to provide evidence of claims). In addition, a court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow the motion should be **DENIED** in its entirety.

By Judgment entered June 22, 2017, this Court sentenced Treufeldt to 97 months in prison. (DN 55). According to the Bureau of Prisons website, he is due to be released on January 17, 2024. See https://www.bop.gov/inmateloc/. Treufeldt's release at this point would undermine the 18 U.S.C. § 3553(a) sentencing factors.

## ARGUMENT

A. <u>Treufeldt's claims do not rise to the level of extraordinary and compelling reasons justifying compassionate release.</u>

A court may only grant compassionate release based on an individual defendant's "extraordinary and compelling reasons," which the defendant has the burden of showing. *See United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). In addition, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. §1B1.13.

Treufeldt does not show extraordinary and compelling reasons. Under § 3582(c)(1)(A), defendants may move their sentencing courts to reduce their sentences based on extraordinary and compelling reasons. In considering such motions, district courts engage in a three-step inquiry: (1) "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction,'" (2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and (3) "'consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *Elias*, 2021 WL 50169 at *1. Congress has tasked the Sentencing Commission with defining "extraordinary and compelling." 28 U.S.C. § 994(t).

The Commission defined that phrase before Congress enacted the First Step Act, which first gave defendants the right to move the district court to reduce their sentences under § 3582(c)(1)(A). In USSG § 1B1.13, the Commission defined "extraordinary and compelling reasons" to include medical conditions, age, and status as a caregiver. *Elias*, 2021 WL 50169 at *1. In a fourth category, the Commission deferred to the Bureau of Prisons to define "other reasons." *Id.* But the Sixth Circuit has ruled that, because the Commission has not amended § 1B1.13 since the First Step Act went into effect, it does not apply to motions defendants directly

2

file (as opposed to motions the Bureau of Prisons files, which the statute still allows). *Id.* at *2.

The Sixth Circuit says that "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* Under any definition, "extraordinary and compelling" has its limits. "'[D]iscretion' does not mean 'whim'" and "[a] court might abuse its discretion, for example, if it misreads the meaning of the extraordinary-reason requirement." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (citing *United States v. Keefer*, No. 19-4148, 2020 WL 6112795, *4 (6th Cir. Oct. 16, 2020)). The compassionate-release statute does not permit "a sort of Wild West" or allow "every district judge [to] hav[e] an idiosyncratic release policy." *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (also holding that §1B1.13 does not apply to prisoner-filed § 3582(c)(1)(A) motions). "The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *Id.* Thus, "the Commission's analysis can guide discretion without being conclusive." *Id.*

As § 3582(c)(1)(A) says, a defendant's reasons must be "extraordinary"--meaning exceptional or uncommon. *United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020); *United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020). They must also be "compelling"--meaning "so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (internal quotation and alteration omitted). And they must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Treufeldt fails to show extraordinary and compelling reasons.

Treufeldt relies solely on the coronavirus pandemic. He is not eligible for compassionate release on that basis. Treufeldt's concern is that he could contract coronavirus

due to his sleep apnea and the virus could jeopardize his health.

The Sixth Circuit approved the district court in the *Elias* case adopting the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 2021 WL 50169 at *3 (internal quotation marks and citation omitted). The district court in that case looked at the Center for Disease Control's list of risk factors for contracting COVID-19 and the COVID-19 statistics for the defendant's prison. *Id.* at *4. The Sixth Circuit held that "the district court properly considered the CDC guidance that was in effect at the time" and consulted the statistics for the defendant's prison. *Id.*

The coronavirus pandemic does not qualify as the type of defendant-specific reason permitting compassionate release for a defendant like Treufeldt. As of today, February 25, 2021, Ashland FCI has a total of 942 inmates. *See https://www.bop.gov/locations/institutions/ash/*. There are 795 housed in the FCI and 147 at the Camp. *Id*. Of the inmate population, there is currently no inmates with a positive test. Six inmates have died as a result of COVID-19 and 341 inmates have recovered. *See* https://www.bop.gov/coronavirus/. Six staff members are currently positive, 62 have recovered, and none have died. *Id*.

A review of Treufeldt's medical records (Sealed Exhibit A), reveal an ongoing complaint concerning his right index finger. Notably, while sleep apnea is referenced from an August 7, 2017, note, no further complaints are listed. And, the records show responsive, ongoing medical attention. This includes preventative health screenings and care. Simply put, nothing in the

medical records demonstrates significant, much less extraordinary, health issues.

      B.      18 U.S.C. § 3553(a) factors weigh against compassionate release

Even when a defendant is statutorily eligible for a sentence reduction based on an "extraordinary and compelling reason," compassionate release is not necessarily appropriate. Before ordering relief, courts must consider the factors set forth in 18 U.S.C. § 3553(a).

Here, "the nature and circumstances" of Treufeldt's crime weighs against relief. 18 U.S.C. § 3553(a)(1). Treufeldt stands convicted of serious child exploitation offenses, *i.e.,* receiving child pornography.

According to the Plea Agreement, Treufeldt, used an Internet account traced to his residence on Bridlevista Road, Louisville, Kentucky 40228. That account was connected to an online community of individuals who regularly sent and received child pornography *via* a website that operated on an anonymous online network, referred to as "Website A."

According to data obtained from logs on "Website A," monitored by law enforcement and other sources, a user with the user name "Elric" registered an account on "Website A" on February 25, 2015. According to the user "Elric's" profile, this user was a Normal Member of "Website A." Further, according to the Statistics section of this user's profile, the user "Elric" had been actively logged into the website for a total of 20 hours, one minute and 10 seconds between the dates of December 4, 2014, and February 28, 2015.

According to data obtained from logs on "Website A," monitoring by law enforcement, and other sources, on February 25, 2015, "Elric" with IP address 74.138.65.210 logged into "Website A" with a username and a password and accessed the post entitled "Latina Anal Part 1& 2". Among other things, this post contained preview images of a video depicting a young

female child being orally penetrated by an adult penis.   During the following additional sessions, the user "Elric" also browsed "Website A" after logging into "Website A" with a username and password.   During these sessions, the user's IP address information was not collected.

On February 25, 2015, the user "Elric" accessed a post that contained a link to an image that depicted a nude pre-pubescent female holding her legs spread apart, exposing her vagina. That same date, "Elric" accessed a post that contained a link to an image that depicted a pre-pubescent female, nude from the waist down and her legs spread apart, exposing her vagina.

On March 15, 2016, law enforcement officials executed a federal Search Warrant on the residence of John Treufeldt in Louisville, Kentucky.   During execution of the Search Warrant, Treufeldt agreed to be interviewed by law enforcement officials.   During the course of the interview, Treufeldt admitted using the screen name "Elric" for several websites associate with child pornography as well as accessing websites on the Internet for the purpose of viewing and downloading child pornography.   He also admitted maintaining a collection of child pornography videos and images on his computer that were secured by encryption.   Later forensic examination of Treufeldt's computer revealed the presence of thousands of images (still and video) depicting children engaged in sexually explicit behavior.

Treufeldt's "history and characteristics" likewise do not support relief.   18 U.S.C. § 3553(a)(1).   Treufeldt had no criminal record prior to the conviction in this case.   He is well educated, enjoyed family support, and had an impressive work history.   Yet, he engaged in extremely risky, destructive behavior, driving the child pornography market.

To his credit, Treufeldt has had no disciplinary actions taken against him and his

PATTERN score is minimum. But there is reason to question whether Treufeldt has been rehabilitated during the time he's served on this sentence as his individual need plan - program review fails to reveal participating in any sex offender treatment. (Sealed Exhibit B). Reducing Treufeldt's sentence would not reflect the seriousness of Treufeldt's crime, deter him from criminal activity, or protect the public. 18 U.S.C. § 3553(a)(2).

In view of the sentencing factors, compassionate release would be improper here.

## **CONCLUSION**

The Court should deny Treufeldt's motion.

                                         Respectfully submitted,

                                         MICHAEL A. BENNETT
                                         Acting United States Attorney

                                         /s/ *Jo E. Lawless*
                                         Jo E. Lawless
                                         Assistant United States Attorney
                                         717 West Broadway
                                         Louisville, Kentucky 40202
                                         (502) 625-7065
                                         Fax (502) 582-5097

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent through the United States Postal Service on February 25, 2021, to:

John Treufeldt
Reg. #18298-033
FCI Ashland
P.O. Box 6001
Ashland, KY 41105-6001

Due to screening of inmate mail – the sealed exhibits were not included. Treufeldt can request access to these documents from his case manager.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney