UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 MAR 17 PM 2:14

John Treufeldt Jr.
Defendant,

V.

Case No. 3:16-CR-40-1-DJH

United States
of
America,
Respondant,

## RESPONSE TO MOTION FOR COMPASSIONATE RELEASE (DN66)

Before the Court is Defendant's pro se motion to answer the Governments' "response to motion for compassionate release (DN 62 & 64)." on my request for compassionate release/reduction in sentence under 18 U.S.C.§ 3582(c)(1)(a). I wish to respond to the arguements of the Acting United States Attorney (AUSA) to show that my motion should be GRANTED.

### ARGUEMENT

A. <u>Treufeldt's claims do not rise to the level of extraordinary and compelling reasons justifying compassionate release.</u> I reiterate the initial arguement in Motion (DN 62) that the COVID-19 pandemic is an extraordinary and compelling reasons for compassionate release on its own per <u>UNITED STATES V. MOORE,</u> and <u>UNITED STATES V. CAMPAGNA.</u> I add <u>UNITED STATES V. KELLY, 2020 U.S. DIST. LEXIS 77080 WL 2104241 AT *7-8</u> (5th Cir.) that cites COVID-19 creates an 'extraordinary and compelling reasons' for warranting a sentence reduction despite the defendant's young age and lack of any other risk factors for severe illness. Also <u>UNITED STATES V. ESTIME, NO. 19-CR-711 (NSR)</u>(2nd 2020) finding a 33 year old defendant with no underlying medical issues was released because the COVID-19 crisis constituted a compelling reason under 18 U.S.C.§ 3142(1) and/or an exceptional reason under 18 U.S.C.§ 3145(c).

(1)

My risk factor is much higher than these two defendants with age (55) and an underlying medical conditionoof Obstructive Sleep Apnea (OSA). Refer to the cases cited in the originalmmotion (**U.S. V.. SAAD**;| **HAYES**;| and **CAMPER**) where defendants with OSA were released. The study cited in the original motion (DN 62) finds OSA sufferers have an eightfold risk of infection and double the risk of respiratory failure. "The results of this U.S. healthcare system based analysis of mortality and markers of severe morbidity identify sleep apnearas a risk factor for COVID-19 mortality, highlighting the need for a close monitoring of patients with sleep apnea who become infected". finds 'Sleep Apnea and COVID-19 Mortality and Hospitilization' at https://pubmed.ncbi.nim.nihhgov/32946275/AmwJ Respir Crit Care Med. 2020Nov15. Also the study by Sata Strausz and Tuomo Kiiskinen concludes "among COVID-19 positive patients,wOSA was associated with higher risk for hospitalizations. Our findings are inline with earlier works and suggest OSA as an independent risk factor for severe COVID-19." in 'Sleep Apnea is a risk factoryfor severe COVID-19' at https://bmj.openrespres.bmj.com/content8/1/e000845. These medical studies show that I am at high risk of having complications frommCOVIB-19.

The Covid Crisis is not over and a clear and present danger. The institution is still on lockdown and postured for an outbreak of active cases. They maintain one wholedunit (out of twelve) for active cases; a temporary holding area for incomming transfers; and another whole unit for quarentine. That's over 1/6th of the institutions beds reserved for COVID. All the conditions stated in the original motion still exist: cramped quarters, staff not wearing masks, staff not social distancing. There is no preventativéetesting or contact trace testing of inmates. The only ones quarentined are syptomatic. So the actual number of Asyptomatic active and recovered cases are unknown. Ashland does not test an entire unit when those syptomatic inmates are discovered. They just wait until it runs its course in the unit. I personally observed "JB" where they removed people every day for over a week. As stated in my original motion the B.O.P. and Ashland have and are failing to protect the vulnerable inmate population during this ongoing crisis.

(2)

See cases cited [**U.S. V. ATKINSON**]

The AUSA mentions my medical records and no significant entries for OSA. The condition is treated with a CPAP. Medical has conducted zero follow-up, per their own records. There are no preventive care visits-only sick call. The only preventive care I receive is an annual flu shot. I have to request a physical (which I received annually from the V.A.). I had to request a routine colonscopy-request is pending, and my request to see an othopedist for my finger was denied. I would not characterize my medical care at Ashland as 'receiving responsive, ongoing medical attention' with 'preventive health screenings and care'.

The AUSA argument that compassionate release is not appropriate for my crime is countered by case law where sex offenders were released, that I cited in my original motion. (**UNITED STATES V. ASHER, GODLEWSKI, FIELD, FEUCHT, SAWICZ**). In January a sex offender with sleep apnea, Mr. Craig Beckett, was granted compassionate release, 'below guidelines' by the 6th Circuit from F.C.I. Ashland.

The AUSA states that my history and characteristics do not support relief. They agree I have an outstanding life, family, and work history with no criminal record. I have held a Secret Security clearance in the Military for over 25 years, and a Top-Secret/Special Compartmented security clearance for 5 years, which shows that I am trustworthy. In the depths of a 40 year addiction to pornography, I escalated to viewing child pornography which is reprehensible. I know, acknowledge, and accept full responsiblilty for my actions and my recovery. So far I served almost 49 months for this crime. They mention that I did not take sex offender treatment (SOTP) programming in prison. The Court nor my unit team did recommend this program. It is not offered at F.C.I. Ashland. On my own, I sought a psychologist specializing in sexual treatment after my arrest and was undergoing counseling which was interrupted by my incarceration-please let me resume. Per my release plan in my motion, I intend to resume counseling,

(3)

rejoin my 12-step peer support group-Sex addicts Anonymous, and start the Court ordered group therapy. Releasing me after 49 months of incarceration is only shy a few months of the minimum 5 year sentence after taking earned good time into account. This meets the terms of the pleaagreement and the sentencing requirements of 18 U.S.C.§ 3553(a). The Court could release me to home confinement for these few months. I have no criminal intentions and have a vigorous, multi-layered plan to recover fully from this addiction. As stated in my motion anpper **UNITED STATES V. FEUCHT, 2020 U.S. DIST. LEXIS 95164 AT *9(** (11th Cir.) U.S. Probation Office monitoring will lessen the liklihood of reoffending. My family will also be there to help in my recovery as they have not abandoned me during this entire process.

### CONCLUSION

The Court should grant this motion for compassionate release.

Respectfully Submitted,

John Treufeldt Jr.
Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky 41105-6001

(4)

JOHN TREUFELDT
10293-033
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 6001
ASHLAND, KY 41105-6001



FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 MAR 17 PM 2:14

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
106 GENE SNYDER U.S. COURTHOUSE
601 W. BROADWAY
LOUISVILLE, KY 40202-2249