UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                         Plaintiff,

v.                                                                           Criminal Action No. 3:16-cr-40-DJH

JOHN TREUFELDT,                                                                                  Defendant.

\* \* \* \* \*

### ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), the Court will deny the motion for compassionate release for the reasons explained below.

**I.**

Defendant John Treufeldt pleaded guilty on March 6, 2017, to knowingly receiving child pornography and was sentenced to ninety-seven months of imprisonment. (Docket No. 55) The Court previously denied Treufeldt's motion for compassionate release without prejudice because he failed to exhaust his administrative remedies. (D.N. 63) Treufeldt again moves *pro se* for compassionate release (D.N. 64, Page ID # 255), arguing that he has increased vulnerability to COVID-19 complications due to his severe obstructed sleep apnea (OSA) and age. (D.N. 62, PageID # 242) The United States opposes Treufeldt's motion, contending that he has failed to show extraordinary and compelling circumstances warranting compassionate release. (D.N. 66, PageID # 260, 263) Treufeldt has now exhausted his administrative remedies as required by § 3582(c)(1)(A), and his motion is therefore ripe for review. (D.N. 64-1, PageID # 257)

**II.**

A court considering the merits of a compassionate-release motion must first determine "whether 'extraordinary and compelling circumstances warrant' a sentence reduction." *United*

*States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). Second, the court must "'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id.* at 1108 (quoting § 3582(c)(1)(A)). Third, the court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see* § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

**A.      Extraordinary and Compelling Circumstances**

Treufeldt has not presented extraordinary and compelling circumstances warranting release. Treufeldt relies on his risk of COVID-19 complications due to his age and OSA. (D.N. 70, PageID # 304) Treufeldt's medical records confirm that he has OSA and uses a Continuous Positive Airway Pressure (CPAP) device while sleeping. (D.N. 68, PageID # 285) Treufeldt has reported no medical complaints related to his OSA, however. (*Id.*) Moreover, the Centers for Disease Control and Prevention does not list OSA as a risk factor for COVID-19 complications. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021).

Treufeldt is fifty-five years old, and his age does present an increased risk of complications from COVID-19. *See* Centers for Disease Control and Prevention, *COVID-19 Risks and Vaccine Information for Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/older-adults.html (last updated Aug. 2, 2021). The Court acknowledges Treufeldt's fear of contracting COVID-19 at Ashland Federal Correctional Institute. (D.N. 62, Page ID # 243) However, there are currently no active inmate cases of COVID-19 at the facility and only four active staff cases. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last updated Oct. 7, 2021). And while some courts have granted compassionate release for inmates with OSA younger than Treufeldt, those individuals suffered from multiple underlying medical conditions that increased their risk of COVID-19 complications. *See, e.g.*, *United States v. Amarrah*, 458 F. Supp. 3d 611, 617–19 (E.D. Mich. 2020) (forty-five-year-old inmate with OSA, Type II diabetes, hypertension, cardiac arrhythmia, and asthma); *United States v. Rivera*, No. 13-20775, 2020 WL 5105090, at *1 (E.D. Mich. Aug. 31, 2020) (thirty-nine-year-old inmate with OSA, obesity, hyperlipidemia, hypertension, chronic embolism and thrombosis, and long-term use of anticoagulants); *United States v. Readus*, No. 16-20827-1, 2020 WL 2572280, at *2–3 (E.D. Mich. May 21, 2020) (thirty-three-year-old inmate with OSA, obesity, hypertension, and prediabetes). In the absence of more significant risk factors or an outbreak of COVID-19 at his facility, Treufeldt's age and OSA do not constitute extraordinary and compelling circumstances for release. *See, e.g.*, *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (holding that fifty-four-year-old defendant could not show extraordinary and compelling reasons for compassionate release based on his sleep apnea, obesity, hyperlipidemia, and asthma).

**B.     § 3553(a) Sentencing Factors**

Even if Treufeldt could show that extraordinary and compelling reasons supported his release, the Court would still deny his motion based on the § 3553(a) sentencing factors. Pursuant to § 3553(a), courts must consider:

>    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2) the need for the sentence imposed--
>        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>        (B) to afford adequate deterrence to criminal conduct;
>        (C) to protect the public from further crimes of the defendant; and
>        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>    (5) any pertinent policy statement . . . by the Sentencing Commission;
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The "nature and circumstances" of Treufeldt's offense are serious: he pleaded guilty to knowingly receiving child pornography and was sentenced to serve ninety-seven months in custody, a low-end guideline sentence. (D.N. 43, PageID # 136; D.N. 55) Notably, a sample of materials Treufeldt received and stored depicted the exploitation of children ages three to four years, five to seven years, and six to eight years. (D.N. 43, PageID # 131) Accordingly, the Court concludes that releasing Treufeldt thirty-nine months early[1] would not properly "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment" for his conduct. 18 U.S.C. § 3553(a)(2)(A). Under these circumstances, the § 3553(a) factors do not support early release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[1] The Court bases this calculation on Treufeldt's projected release date of January 17, 2024. *See* Federal Bureau of Prisons, *Find an inmate,* https://www.bop.gov/inmateloc/.

4

5

**ORDERED** that the motion for compassionate release (D.N. 62) is **DENIED** after a complete review of the motion on the merits.

October 8, 2021

David J. Hale, Judge
United States District Court